James E. Wood and Damita Jo Wood v. Commissioner.
Wood v. Commissioner
Docket No. 2575-68.
United States Tax Court
T.C. Memo 1971-125; 1971 Tax Ct. Memo LEXIS 212; 30 T.C.M. (CCH) 525; T.C.M. (RIA) 71125; May 27, 1971, Filed Arthur M. Reynolds, for the petitioners. Thomas C. Morrison, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $ 29,665.29 in petitioners' income tax for the taxable year 1962, along with a section 6653(b) [1] penalty of $ 14,832.64 and, pursuant to section *213 6653 (d) an overassessment of a section 6651(a) addition to tax in the amount of $ 51.63. Concessions have been made by both parties, and only two issues remain for our consideration: (1) Whether the Commissioner erroneously disallowed a deduction of $ 15,830.63 for expenses allegedly incurred and paid by petitioners in the active conduct of their businesses, and (2) Whether petitioners are entitled to a deduction of $ 12,800 as a result of two separate thefts of personal property in 1962. Findings of Fact Some of the facts have been stipulated by the parties. We incorporate herein by this reference the stipulation of facts and the exhibits identified therein. Petitioners Damita Jo Wood and James E. Wood are husband and wife and filed their joint income tax return for 1962 on March 9, 1965, using the cash disbursements and receipts method of accounting. During 1962, petitioners resided in New York City, but at the time of the filing of the petition herein, they resided in Baltimore, Maryland. Damita Jo Wood (hereinafter referred to as Damita Jo), was a professional singer *214 and recording artist in 1962, vocations that she had pursued since 1950 or 1951. 526 Her husband, James E. Wood (hereinafter referred to as James) was Damita Jo's business and road manager and performed all of the duties inherent in those positions, amongst which were securing work for Damita Jo; negotiating contracts; making travel and lodging arrangements; arranging the bandstand, lighting, and amplification for each of her appearances; rehearsing the orchestra; hiring extra musicians (when needed); and paying all of her bills. His presence was necessary at each of Damita Jo's performances in order properly to carry out these duties, and although the petitioner's return listed some of his expenses under the name of "Biddy Wood Associates," James was concerned only with the handing of Damita Jo's affairs. Most of Damita Jo's engagements during 1962 resulted from his efforts. The remainder of her engagements resulted from the efforts of a theatrical agency known as General Artists Corporation (hereinafter referred to as GAC). Damita Jo was assigned to GAC by the American Guild of Variety Artists (of which she was a member) and their bylaws required her to give GAC 10 percent *215 of her gross earnings from each of her engagements, regardless of whether GAC or some other party obtained that particular engagement. During 1962, Damita Jo's tax home was in New York City. However, she performed at various nightclubs and hotels in the United States, West Indies, and Canada, as well as making a number of guest appearances on T.V. and radio shows. Petitioner's normal procedure, time permitting, was to arrive the day before her first performance at a particular place and leave the day following her last performance. Occasionally, rather than travel back to New York and then on to her next engagement, she would remain either several days longer at the place of a particular engagement or arrive several days earlier at the next one. The following Table I gives the date and location of each of these engagements: TABLE I
Date of Engagement
Location
w.e. * 1/ 6/62
Diplomat Hotel, Holly, Fla.
w.e. 1/13/62
Same
w.e. 1/20/62
Same
w.e. 1/27/62
Same
w.e. 2/ 8/62
Tivoli Theatre
w.e. 2/20/62
Diplomat Hotel
2/25/62
Ed Sullivan Show, CBS TV
w.e. 3/ 6/62
El San Juan Htl., San Juan, P.R.
w.e. 3/13/62
Same
w.e. 3/29/62
Sphinx Club, Baltimore, Md.
4/6-4/8/62
Boulevard Night Club, Rego Park, L.I.
w.e. 4/15/62
Town Casino, Buffalo, N. Y.
w.e. 4/29/62
Cloister, Chicago, Ill.
w.e. 5/6/62
Same
5/3/62
Tape, Herb Lyons Show, WGN TV
5/17/62
Tonight Show, Jack Carter, NBC TV
5/14-5/17/62
Copa, N. Y.
5/21-5/24/62
Tape 5 shows, Arthur Godfrey, CBS Radio
5/28-5/31/62
6 shows, Arthur Godfrey, CBS Radio
6/2/62
Grossingers, Gross, N. Y.
6/4/-6/8/62
Town & Country Bowling Centre, Bethlehem, Pa.
6/13/62
Waldorf Astoria, N.Y.C., Starlight Roofight Roof
6/18/62
Tape, The Lively Ones, NBC, Calif.
w.e. 6/27/62
Club Harlem, Atlantic City, N.J.
w.e. 7/4/62
Same
7/6-7/14/62
Resorts
w.e. 7/26/62
Paradise Club, Idlewild, Mich.
7/27-7/29/62
Same
w.e. 8/8/62
Club Harlem, Atlantic City, N.J.
w.e. 8/15/62
Same
8/22/62
Goldmans, Pleasantville, N.J.
8/21/62
New Roxy Hotel, Loch Sheldrake, N. Y.
w.e. 8/29/62
Copa, N. Y.
w.e. 9/5/62
Copa, N. Y.
8/31/62
German TV Show
9/4/62
Tonight Show, NBC TV
w.e. 9/12/62
Copa, N. Y.
9/14-9/15/62
Americana Ct. club, Plainview, L.I.
9/17/62
Arthur Godfrey Time, CBS Radio
9/17/62
Artur Godfrey Time, 2 extra shows
9/24/62
Tonight Show, NBC TV
w.e. 10/14/62
Twin Coaches, Pittsburgh, Pa.
10/19/62
Tape, Perry Como Kraft Music Hall, NBC TV
10/20/62
The Pines, So. Fallsburg, N. Y.
w.e. 10/31/62
Riviera Hotel, Las Vegas, Nev.
w.e. 11/7/62
Riviera Hotel, Las Vegas, Nev.
11/10/62
Americana Hotel, N. Y.
11/10/62
Statler Hotel, N. Y.
w.e. 11/18/62
Elmwood Casino, Ontario
w.e. 11/24/62
Same
w.e. 12/2/62
Forty Thieves Club, Hamilton, Bermuda
w.e. 12/9/62
Same
w.e. 12/20/62
Boulevard Night Club, Rego Park, L.I.
12/21-12/22/62
Same
w.e. 12/29/62
The New Latin Casino, Merchantville, N.J.
12/30-12/31/62
Same
*216 In the course of fulfilling these engagements, Damita Jo paid certain sums for meals, lodging, and other expenses connected with her business as a professional singer which are allowable as deductions. These amounts, and the dates on which they were incurred, are set forth in the following Table II: TABLE II
Date
Cost of Loding
Cost of Meals
Other
12/30/61-1/5/62
$ 100.94
$ 80.00
1/6-1/12/62
100.94
112.00
1/13-1/19/62
100.94
112.00
1/20-1/26/62
113.30
112.00
1/27/62
20.60
16.00
1/28-1/31/62
72.10
64.00
2/1-2/8/62
90.64
128.00
[1] $ 14.55-L
2/9/62
11.33
16.00
2/10-2/12/62
23.00
22.24
2/13/62
10.30
16.00
2/14-2/20/62
94.76
112.00
2/21-2/26/62
[2] NAFH
NAFH
NAFH
2/27-3/6/62
None Incurred
128.00
3/7-3/13/62
$ 79.00-L
3/14-3/22/62
NAFH
NAFH
NAFH
3/23-3/29/62
None Incurred
112.00
3/30-4/5/62
NAFH
NAFH
NAFH
4/6-4/8/62
NAFH
NAFH
NAFH
4/9-4/15/62
112.00
112.00
10.11-L
4/16-4/21/62
NAFH
NAFH
NAFH
4/22-5/6/62
193.20
240.00
15.97-L
5/7-5/13/62
NAFH
NAFH
NAFH
5/14-5/18/62
[3] 105.00
5/19-6/1/62
NAFH
NAFH
NAFH
6/2/62
None Incurred
16.00
6/3/62
NAFH
NAFH
NAFH
6/4-6/8/62
None Incurred
80.00
6/9-6/17/62
NAFH
NAFH
NAFH
6/18/62
16.00
6/19/62
NAFH
NAFH
NAFH
6/20-7/4/62
498.52
240.00
68.69-L
7/5/62
16.00
7/6-7/14/62
None Incurred
None Incurred
None Incurred
7/15-7/17/62
NAFH
NAFH
NAFH
7/18-7/19/62
NAFH
NAFH
NAFH
7/20-7/29/62
160.00
7/30-7/31/62
NAFH
NAFH
NAFH
8/1-8/15/62
$ 463.50
$ 240.00
$ 71.59-L
8/16-8/22/62
NAFH
NAFH
NAFH
8/23-9/12/62
[3] 515.00
9/13-10/7/62
NAFH
NAFH
NAFH
10/8-10/14/62
104.00
80.00
10/15-10/24/62 @NAFH
NAFH
NAFH
10/25-11/7/62
283.50
240.00
10.05-L
11/8-11/11/62
NAFH
NAFH
NAFH
11/12-11/24/62
146.50
208.00
11/25/62
None Incurred
None Incurred
None Incurred
11/26-12/9/62
280.00
224.00
12/10-12/31/62 NAFH
NAFH
NAFH
Totals $ 2,820.07
$ 2,902.24
$ 889.96
*217 528 In 1962, petitioners were the victims of two separate thefts. While staying at the San Juan Hotel, in Isle Verde, Puerto Rico, petitioners were robbed of several unspecified pieces of jewelry, which Damita Jo estimated as having a cost and value of $ 10,000. While petitioners were staying at the Ambassador Hotel in Atlantic City, New Jersey, petitioners were robbed of several pieces of fur, including two mink stoles and two mink jackets. The cost of these furs was $ 4,800 and at the time of the theft, they had a value of $ 2,500. Petitioners never received any insurance payments for the above items, nor did they ever recover any of the items taken. Opinion The first issue for our determination is what ordinary and necessary expenses were incurred by Damita Jo in her business as an entertainer. We have determined that her husband James had managerial duties which required his presence at each of Damita *218 Jo's performances, and any expenses incurred by Damita Jo on his behalf relating to these duties constitute an allowable deduction under section 162. There is very little that we can add to our findings set forth supra. The record was sketchy and confusing, and we were compelled to resort to the rule of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), in order fully to reflect Damita Jo's expenses. In certain instances, we have allowed petitioners to deduct the cost of meals without giving them a commensurate deduction for lodging expenses. This is not intended to abrogate the rule set forth in United States v. Correll, 389 U.S. 299 (1967); rather, it reflects the inadequacy of the proofs presented. On some occasions, petitioners were supplied with rooms by Damita Jo's employer, and where no claim for lodging expenses was made, we presumed that such was the case in those instances. Petitioners had the burden of proof to show otherwise, and in this respect, their proofs were insufficient to overcome the presumption of correctness of the Commissioner's determination. The theft losses also were sketchily and inadequately proved. Although we found *219 the petitioners' testimony to be credible and believable, we cannot in good conscience allow any deduction for the jewelry allegedly taken from petitioners' room in Puerto Rico. We have no way of determining the reasonableness of Damita Jo's estimate as to cost or value without a more specific enumeration as to the nature of the items taken. This loss is disallowed in its entirety. However, the petitioners did enumerate the items taken from them in Atlantic City, and under section 165(c) (3) as it read in 1962 the loss is allowable in full. The amount of the loss is the lesser of the property's fair market value immediately before the theft or its basis in determining a loss from the sale or other disposition of the property involved. Section 1.165-8(c) and 1.165-7(b), Income Tax Regs. In this case, petitioners will be allowed a loss of $ 2,500 due to the theft of certain furs in 1962. Decision will be entered under Rule 50. 529 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
*. "w.e." stands for week ended.↩
1. "L" stands for lavndry expenses ↩
2. "NAFH" stands for "not away from home in pursuit of business." ↩
3. In 1962, the Copacabana did not provide performers with dressing room facilities, and performers appearing there had to use a nearby hotel room for that purpose.↩